# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

CHARLES BUTLER,
    Petitioner,

vs.

WARDEN, WARREN
CORRECTIONAL INSTITUTION,
    Respondent.

Civil Action No. 1:08-cv-001

Dlott, J.
Black, M.J.

**REPORT AND
RECOMMENDATION**

Petitioner, a state prisoner, brings this case *pro se* seeking a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. The case is now before the Court upon the petition (Doc. 1), respondent's return of writ and exhibits thereto (Doc. 8), petitioner's traverse to the return of writ (Doc. 22), and petitioner's motions for evidentiary hearing, to inform the Court that petitioner is at Warren Correctional Institution, and in support of the granting of his habeas corpus petition. (Docs. 23-27).

## I. PROCEDURAL HISTORY

Petitioner was indicted by the March 2005 term of the Hamilton County Grand Jury on one count of murder with a firearm specification, one count of having a weapon while under disability, and one count of carrying a concealed weapon. (Doc. 8, Exh. 1). Petitioner initially pled not guilty by reason of insanity to the charges (Doc. 8, Exh. 2), but following plea negotiations agreed to plead guilty to one count of voluntary manslaughter with a firearm specification and having a weapon under disability. (Doc. 8, Exh. 3). The state amended the charge of murder to voluntary manslaughter and dismissed the charge of carrying a concealed weapon. *Id.* The plea included an agreed sentence of ten years for voluntary manslaughter, three years for the gun specification, and four years for having a weapon while under disability. (Doc. 8, Exh. 3). On August 15, 2005, the

trial court, consistent with the agreed sentence, sentenced petitioner to ten years for voluntary manslaughter, consecutive to three years for the gun specification, and consecutive to four years for having a weapon while under disability for a total of 17 years. (Doc. 8, Exh. 4).

Petitioner, represented by new counsel, filed a timely appeal to the First District Court of Appeals, Hamilton County, Ohio. Counsel for petitioner filed a brief and amended brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that she was unable to find any meritorious issue to present on appeal.[1] (Doc. 8, Exhs. 6, 7).

Petitioner was permitted to file a supplemental pro se brief challenging the "imposition of maximum and consecutive terms of incarceration" in violation of *Blakely v. Washington*, 542 U.S. 296 (2004). (Doc. 8, Exh. 9).

On May 17, 2006, the First District Court of Appeals affirmed the judgment of the trial court after concluding "that the proceedings below were free of error prejudicial to Butler." (Doc 8, Exh. 10 at 2).

Petitioner filed a timely *pro se* appeal to the Supreme Court of Ohio. In his memorandum in support of jurisdiction, petitioner raised the following proposition of law:

> 1. Where a written plea agreement misstates the law regarding the legally permissible maximum sentence and includes a clause entitling the defendant to appeal, review of such a sentence is not foreclosed under R.C. §2953.08 and the refusal to review such an unlawful sentence violates due process and equal protection of the law.

(Doc. 8, Exh. 11). The State filed a memorandum in response. (Doc. 8, Exh. 12). On October, 4, 2006, the Supreme Court of Ohio denied leave to appeal and dismissed the appeal as not involving any substantial constitutional question. (Doc. 8, Exh. 13).

---

[1] Where counsel appointed for the direct appeal believes, after conscientious examination, the appeal to be without merit, *Anders* requires the attorney to so advise the court, ask permission to withdraw, and file a brief directing the appellate court's attention "to anything in the record that might arguably support the appeal." *Anders*, 386 U.S. at 744 (internal citations omitted). The defendant must be notified and given the opportunity to raise any additional points. *Id*.

Petitioner filed a pro se petition for certiorari with the United States Supreme Court which was denied on February 20, 2007. (Doc. 8, Exhs. 14, 15).

Meanwhile, petitioner filed an application for delayed reopening of his direct appeal pursuant to Ohio App. R. 26(B) claiming ineffective assistance of appellate counsel. The Ohio Court of Appeals denied the motion finding petitioner failed to demonstrate good cause for his delayed filing. (Doc. 8, Exhs. 16-19). His appeal to the Supreme Court of Ohio was dismissed as not involving any substantial constitutional question. (Doc. 8, Exhs. 19, 20).

On January 2, 2008, petitioner commenced the instant federal habeas corpus action. (Doc. 1). In the petition, petitioner asserts four grounds for relief:

> **GROUND ONE**: Sentence VOID under 6th and 4th Amendment[s], U.S. Constitution.
>
> **Supporting Facts**: State Sentencing Court used Judicial fact-finding to enhance the imposition of a maximum and consecutive terms of incarceration in an "Agreed Sentence", wherein there was no stipulation to the Judicial fact-finding and the Judicial findings is (sic) contrary to clearly established federal law of Blakely v. Washington 124 S.Ct. 2531 [2004].
>
> **GROUND TWO**: The conviction and sentence to a prison term on Count 2 is contrary to the law of O.R.C. §2929.14(D)(1)(E) in violation of 8th and 14th Amendment[s] U.S. constitution.
>
> **Supporting Facts**: The Appellant in this case was not entitled to a prison term on Count 2 under the law §2923.13(A)(3), because it is clearly contrary to the established law of the Ohio Revised Code Statute Law of §2929.14(D)(1)(E).i.ii, in which the law required previous conviction for the prison term on Count 2, to be lawful and the Appellant in this case never previously been convicted of this law statute, unless all of the following apply: Prison Term Guidelines.
>
> **GROUND THREE**: The Appellant was denied effective assistance [of] trial counsel and is in violation of Appellant's 6th & 14th Amendment[s] U.S. Constitution Rights.

3

**Supporting Facts**: The Appellant in this case was given incorrect legal advise (sic) on Count 2, contrary to the Law of O.R.C. §2929.14(D)(1)(E), and was given unconstitutional erroneous Legal Advice on Count 1 and Count 2 in the Negotiated Plea, contrary to the clearly established federal law rights of Blakely v. Washington.

**GROUND FOUR**: Where a written plea agreement misstates the law regarding the legally permissible maximum sentence and includes a clause entitling the defendant to appeal, review of such a sentence is not foreclosed under R.C. §2953.08 and the refusal to review such an unlawful sentence violates due process and equal protection of the law.

**Supporting Facts**: The first Appellate District, Ohio erroneously denied Review of Petitioner's federal Constitutional Claim Merit Brief, filed Pro se pursuant to his federal Constitutional Appeal Rights under **BLAKELY V. WASHINGTON** and the First Appellate District by entry permitted Butler Brief and is in Violation of Due Process of Law and equal Protection of the law, appeals as a Matter of Rights Law O.R.C. §2953.08(A)(4) and is clearly a fundamental Miscarriage of Justice, denied Review of federal claim Merit Brief on Appeal.

(Doc. 1).

## II. STANDARD OF REVIEW

On federal habeas review, the factual findings of the state appellate court are entitled to a presumption of correctness in the absence of clear and convincing evidence to the contrary. 28 U.S.C. § 2254(e)(1). *See McAdoo v. Elo*, 365 F.3d 487, 493-94 (6th Cir. 2004); *Mitzel v. Tate*, 267 F.3d 524, 530 (6th Cir. 2001). This Court is bound by the state court adjudications unless those decisions are contrary to or an unreasonable application of clearly established federal law. *Franklin v. Francis*, 144 F.3d 429, 433 (6th Cir. 1998).

Under the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 ("AEDPA"), a writ of habeas corpus may not issue with respect to any claim adjudicated on the merits in state court unless the adjudication either:

> 1. resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

4

2. resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

> The phrases "contrary to" and "unreasonable application" have independent meanings: A federal habeas court may issue the writ under the 'contrary to' clause if the state court applies a rule different from the law set forth in . . . [Supreme Court] cases, or if it decides a case differently that we have done on a set of materially indistinguishable facts. The court may grant relief under the 'unreasonable application' clause if the state court correctly identifies the governing legal principle from ... [the Supreme Court's] decisions but unreasonably applies it to the facts of a particular case. The focus on the latter inquiry is whether the state court's application of clearly established federal law is objectively unreasonable . . . and an unreasonable application is different from an incorrect one.

*Bell v. Cone*, 535 U.S. 685, 694 (2002)(citation omitted).

However, if a state court does not articulate the reasoning behind its decision or fails to address the constitutional issues, the federal court must look at the state court's decision and conduct an independent inquiry into whether the state court reached a decision contrary to clearly established federal law or based its decision on an unreasonable determination of the facts in light of the evidence presented. *Schoenberger v. Russell,* 290 F.3d 831, 835 (6th Cir. 2002); *Harris v. Stovall,* 212 F.3d 940, 943 & n. 1 (6th Cir. 2000), *cert. denied,* 532 U.S. 947 (2001). The review is not a full *de novo* review of the claims, but is deferential to the state court's determination. *Id.*

Respondent contends that petitioner's grounds for relief have been procedurally defaulted and waived, and that the grounds for relief are without merit. Because the Court agrees that the petition should be dismissed as without merit, the Court declines to reach respondent's alternate contentions.

5

### III. GROUNDS TWO AND THREE RELATING TO AN ALLEGED VIOLATION OF OHIO REV. CODE §2929.14(D)(1)(e) ARE WITHOUT MERIT.

Ground Two of the petition challenges petitioner's conviction and sentence for having a weapon under disability (Count 2) as "contrary to the law of O.R.C. §2929.14(D)(1)(e) in violation of 8th and 14th Amendment[s] U.S. constitution." (Doc. 1 at 7). Specifically, petitioner argues the imposition of a prison term for having a weapon under disability under Ohio Rev. Code §2923.13(A)(3) "is clearly contrary to the established law of the Ohio Revised Code Statute Law of §2929.14(D)(1)(E).i.ii. (sic)." Ground Three of the petition asserts, in part, that trial counsel was ineffective for failing to advise petitioner of the alleged violation of Ohio Rev. Code §2929.14(D)(1)(e) prior to entering his guilty plea.

To the extent petitioner contends that the trial court violated Ohio Rev. Code § 2929.14(D)(1)(e), this claim raises an issue of state law not cognizable in federal habeas corpus. *See Pulley v. Harris*, 465 U.S. 37, 41 (1984); *Smith v. Sowders*, 848 F.2d 735, 738 (6th Cir.), *cert. denied*, 488 U.S. 866 (1988). In addition, petitioner's conclusory allegation that this action violates his rights under the Eighth and Fourteenth Amendments does not transform his claim into a federal constitutional claim. *See Blackmon v. Booker*, 394 F.3d 399, 401 (6th Cir. 2004). More importantly, this particular provision of the Ohio Revised Code simply had no bearing on petitioner's sentence.

Section 2929.14(D)(1)(e) provides the circumstances under which a court may impose an additional prison term for gun specifications. The subsections cited by petitioner state that the court shall not impose a prison term for a gun specification for a violation of section 2923.13 of the Revised Code (having a weapon under disability) unless certain statutory findings are made. *See*

6

Ohio Rev. Code § 2929.14(D)(1)(e)(i),(ii).[2] In this case, petitioner was neither indicted on nor given a prison sentence for a gun specification under Count 2 of the indictment for having a weapon under disability. (Doc. 8, Exh. 1 at 2).[3] Therefore, this section simply had no impact on the sentence petitioner received. Accordingly, petitioner is not entitled to habeas relief on Ground Two of the petition.

Likewise, since § 2929.14(D)(1)(e) had no bearing on petitioner's sentence, petitioner was not prejudiced by trial counsel's failure to advise petitioner of the impact of this provision on his plea negotiation. *See Strickland v. Washington,* 466 U.S. 668, 687 (1984). Therefore, petitioner is not entitled to habeas relief on this part of Ground Three of the petition.

### IV. GROUNDS ONE, THREE AND FOUR ARE WITHOUT MERIT.

Ground One of the petition asserts that petitioner was sentenced in violation of the Sixth Amendment and *Blakely v. Washington*, 542 U.S. 296 (2004). Ground Three asserts a claim of ineffective assistance of trial counsel based on counsel's alleged failure to advise petitioner that his sentence violated the dictates of *Blakely*. Ground Four similarly asserts the sentence set forth in the plea agreement is void because petitioner was sentenced to consecutive and more than minimum

---

[2] Section 2929.14(D)(1)(e) provides in relevant part:

The court shall not impose any of the prison terms described in division (D)(1)(a) of this section or any of the additional prison terms described in division (D)(1)(c) of this section upon an offender for a violation of section 2923.13 of the Revised Code unless all of the following apply:

(i) The offender previously has been convicted of aggravated murder, murder, or any felony of the first or second degree.

(ii) Less than five years have passed since the offender was released from prison or post-release control, whichever is later, for the prior offense.

[3] The only gun specification charged was in connection with Count 1 of the indictment for murder, which was later amended to voluntary manslaughter.

7

sentences under Ohio Rev. Code § 2929.14(B) based on findings of fact neither admitted nor proved to a jury beyond a reasonable doubt in violation of *Blakely*. Ground Four also alleges that the Ohio Court of Appeals' refusal to review petitioner's sentence under Ohio Rev. Code § 2953.08(D), which provides that an agreed sentence is not subject to review, violated petitioner's due process and equal protection rights.

In *Apprendi v. New Jersey*, 530 U.S. 466 (2000), the Supreme Court held: "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490. The Supreme Court in *Blakely* reaffirmed *Apprendi's* holding, but clarified:

> [T]he "statutory maximum" for *Apprendi* purposes is the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant*. . . . In other words, the relevant "statutory maximum" is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose *without* any additional findings.

542 U.S. at 303-304 (internal citations omitted) (emphasis in the original).

The *Blakely* Court determined that an enhanced sentence imposed by a judge under a state's sentencing statute, which was based on facts neither admitted by the defendant nor found by a jury, violated the Sixth Amendment to the United States Constitution. The Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Blakely,* 542 U.S. at 303.

The reasoning of *Blakely* was extended to the United States Sentencing Guidelines in *United States v. Booker*, 543 U.S. 220 (2005), which held that the Sixth Amendment as construed in *Blakely* applied to the Federal Sentencing guidelines and thus any fact (other than a prior

8

conviction) that increases a defendant's sentence beyond the statutory maximum must be presented to a jury and proved beyond a reasonable doubt. *See Booker*, 543 U.S. at 244. The *Booker* Court held that the Sentencing Guidelines were unconstitutional insofar as they mandated that a defendant's sentence be increased based on facts not found by the jury beyond a reasonable doubt. *Id.* at 243-44. To remedy the Sixth Amendment violation, the Supreme Court severed two sections of the Sentencing Reform Act, effectively making the Sentencing Guidelines advisory. *See id.* at 244-264 (severing and excising 18 U.S.C. § 3553(b)(1) & § 3742(e)).

On February 27, 2006, the Ohio Supreme Court in *State v. Foster,* 109 Ohio St.3d 1, 845 N.E.2d 470 (2006), held that certain provisions of Ohio's sentencing statute were unconstitutional under *Blakely* because they mandated additional judicial fact-finding before the imposition of (1) more than the minimum term for those who have never served a prison term; (2) the maximum prison term; (3) consecutive prison terms; and (4) repeat-violent-offender and major-drug-offender penalty enhancements. *See id.* at 19-25, 845 N.E.2d at 490-94. Noting that the "overriding goals of Ohio's sentencing scheme are to protect the public and punish the offender," and that the Ohio legislature "delegated the role of determining the applicability of sentencing factors to judges rather than to juries to meet these overriding goals," the Ohio Supreme Court determined as in *Booker* that the proper remedy was to sever the *Blakely*-offending portions of the statutes and grant trial courts "full discretion to impose a prison sentence within the statutory range" without having to make findings or give reasons for imposing maximum, consecutive, or more than minimum sentences. *Id.* at 25-30, 845 N.E.2d at 494-98. Following the severance of the unconstitutional portions, the resulting Ohio sentencing statutes eliminated the presumptions in favor of minimum and concurrent

sentences and allowed a court to sentence a defendant to any term within a crime's sentencing range or to consecutive sentences without making findings of fact.[4]

Petitioner argues that his direct appeal was pending before the Ohio Court of Appeals when the Ohio Supreme Court decided *Foster* and therefore he should have been resentenced in accordance with *Foster*. Contrary to petitioner's contention, he was not entitled to be resentenced under *Foster* because his original sentence did not violate *Blakely*. The trial court did not base petitioner's non-minimum, consecutive sentences on factual findings, but rather accepted and imposed the parties' agreed-upon sentence. (Doc. 8, Exh. 3).

A stipulated sentence made pursuant to a plea agreement removes the onus of fact-finding from the trial court under Ohio law. The Supreme Court of Ohio has held that "[o]nce a defendant stipulates that a particular sentence is justified, the sentencing judge need not independently justify the sentence." *State v. Porterfield*, 106 Ohio St.3d 5, 829 N.E.2d 690 (2005).

Because a *Blakely* claim "is premised upon the need for a jury to make certain statutorily required sentencing findings," *State v. Brown*, No. 05AP-375, 2006 WL 225524, at *3 (Ohio Ct. App. 10 Dist. 2006), where the parties agree to a particular sentence and jointly recommend the sentence, no findings are statutorily required to impose the sentence under Ohio law. *See*

---

[4] Recently, on January 14, 2009, the United States Supreme Court issued a decision upholding the constitutionality of a state sentencing statute which constrained the trial court's discretion by requiring it to find certain facts before imposing consecutive, rather than concurrent, sentences. *See Oregon v. Ice,* 129 S.Ct. 711 (2009). Although the *Foster* court held a similar provision in Ohio's sentencing statute was *Blakely*-offending, *see Ice,* 129 S.Ct. at 716 n.7, it now appears that in light of this recent Supreme Court precedent, no Sixth Amendment concerns are triggered with respect to consecutive sentencing decisions. *See Ice,* 129 S.Ct. at 717-20.

*Porterfield*, 106 Ohio St.3d at 9-10, 829 N.E.2d at 694.[5]

"As there is no statutory requirement that findings be made, *Apprendi* and *Blakely* are inapplicable to [a] defendant's . . . sentence." *State v. Brown*, No. 05AP-375, 2006 WL 225524, at *3 (citing *State v. Ranta*, No. 84976, 2005 WL 1705744, at *3 (Ohio Ct. App. 8 Dist. 2005) ("*Blakely* addresses only those instances in which a judge makes findings statutorily required for the imposition of certain sentences. Because we conclude in the case at bar that as a result of the plea agreement no findings were required, *Blakely* does not apply for this very specific reason")).[6]

---

[5] In *Porterfield*, the State Court of Appeals reversed the defendant's sentence based on the trial court's failure to comply with *State v. Comer*, 99 Ohio St.3d 463, 793 N.E.2d 473 (2003), which required that a trial court articulate both "findings" for imposing consecutive sentences and "reasons" for those findings. The Supreme Court of Ohio reversed, reasoning:

> Porterfield's sentence was entered pursuant to a plea bargain in which Porterfield agreed to the precise sentence that was imposed. "A sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge." R.C. 2953.08(D). Porterfield's sentence was authorized by law, was recommended jointly by him and the prosecution, and was imposed by a sentencing judge. Pursuant to R.C. 2953.08(D), Porterfield's sentence is not subject to review. *Comer* cannot be applied here. The General Assembly intended a jointly agreed-upon sentence to be protected from review precisely because the parties agreed that the sentence is appropriate. *Once a defendant stipulates that a particular sentence is justified, the sentencing judge no longer needs to independently justify the sentence.* Pursuant to R.C. 2953.08(D), the trial court's compliance with R.C. 2929.19 and *Comer* was not required.

*State v. Porterfield*, 106 Ohio St.3d 5, 9-10, 829 N.E.2d 690, 694 (2005) (emphasis added).

Although the Ohio Supreme Court subsequently struck down as unconstitutional several provisions of Ohio's sentencing law in *State v. Foster*, 109 Ohio St.3d 1, 845 N.E.2d 470 (2006), Section 2953.08(D) was not among the provisions severed. "Nor did *Foster* change the statutory range of punishments. Thus, any sentence imposed upon an offender that falls within the statutory range of available sentences still remains a sentence 'authorized by law'" under R.C. 2953.08(D). *State v. Billups*, 2007 WL 853335, *2 (Ohio App. 10 Dist. 2007).

[6] *See also State v. Spurling*, 2007 WL 624993, *3 (Ohio Ct. App. 1 Dist. 2007); *State v. Woods*, 2006 WL 1284613, *2 (Ohio Ct. App. 2 Dist. 2006); *State v. Giesey*, 2006 WL 3771982, *2 (Ohio Ct. App. 3 Dist. 2006); *State v. Kimble*, 2006 WL 3350483, *5 (Ohio Ct. App. 11 Dist. 2006); *State v. Bower*, 2006 WL 3530134, *3 (Ohio Ct. App. 4 Dist. 2006); *State v. Carrico*, 2007 WL 427909, *3 (Ohio Ct. App. 5 Dist. 2007); *State v. Nguyen*, 2007 WL 1229306, *5 (Ohio Ct. App. 6 Dist. 2007); *State v. Jackson*, 2006 WL 1705133, *9 (Ohio Ct. App. 8 Dist. 2006); *State v. Billups*, 2007 WL 853335, *2 (Ohio Ct. App. 10 Dist. 2007); *State v. Kimble*, 2006 WL 3350483, *5 (Ohio Ct. App. 11 Dist. 2006).

11

In the instant case, the trial judge did not engage in impermissible fact-finding because he imposed the non-minimum sentences to which petitioner agreed as set forth in the plea agreement. This Court has previously recognized that "by agreeing as a term of the plea bargain to a specified prison sentence . . . petitioner waived any argument that such sentence was imposed under statutory standards held to be unconstitutional by the Supreme Court in *State v. Foster*, 845 N.E.2d 470 (Ohio 2006), in light of *Blakely v. Washington*, 542 U.S. 296 (2004)." *Todd v. Wolfe*, No. 1:05-cv-737, 2007 W.L. 951616, at *7 n. 8 (S.D. Ohio March 28, 2007) (Spiegel, J.) (and cases cited therein). *See also Crenshaw v. Hart*, No. 1:07-cv-575, 2008 WL 4877765, at *7 (S.D. Ohio Nov. 12, 2008) (Beckwith, J.); *Warren v. Warden*, No. 1:06-cv-534, 2008 WL 1732976 at *5 (S.D. Ohio April 10, 2008) (Barrett, J.)[7] ; *Carley v. Hudson*, 563 F. Supp.2d 760, 778 (N.D. Ohio 2008); *Rockwell v. Hudson,* No. 5:06-cv-391, 2007 WL 892985, at *7 (N.D. Ohio March 21, 2007).[8]

---

[7] The undersigned acknowledges there is a contrary decision from the Columbus Division of this Court. *See Friley v. Wolfe*, 2006 WL 3420209 (S.D. Ohio Nov. 27, 2006) (Marbley, J.). However, for the reasons set forth in *Warren,* 2008 WL 1732976, *5, *16-17 (S.D. Ohio 2008), the Court declines to follow *Friley*.

[8] A number of federal circuit courts have applied a similar rationale to defendants seeking to challenge their agreed-to federal sentences. *See, e.g., United States v. Pacheco-Navarette,* 432 F.3d 967, 971 (9th Cir. 2005) (concluding that remand for re-sentencing was "not required to comport with *Booker*" in case "where a defendant was sentenced after pleading guilty to a plea agreement that included a specific sentence stipulation that did not exceed the statutory maximum and was not contingent upon the Guidelines"), *cert. denied,* 127 S.Ct. 197 (2006); *United States v. Silva,* 413 F.3d 1283, 1284 (10th Cir. 2005) (and cases cited therein) (holding that a defendant, who had bargained for a certain sentence in the plea agreement and thus had "voluntarily exposed himself to a specific punishment," could not "now claim he was the victim of a mandatory sentencing scheme" held to be unconstitutional in *Booker*); *United States v. Cieslowski,* 410 F.3d 353, 363-64 (7th Cir. 2005) (holding that *Booker,* which "is concerned with sentences arising under the Guidelines," is inapplicable to a "sentence imposed under a Rule 11(c)(1)(C) plea[, which] arises directly from the agreement itself, not from the Guidelines, even though the court can and should consult the Guidelines in deciding whether to accept the plea"), *cert. denied,* 126 S.Ct. 1021 (2006); *United States v. Sahlin,* 399 F.3d 27, 32-33 (1st Cir. 2005) (rejecting claim that a portion of the defendant's sentence due to an enhancement should be vacated "on the basis that [under *Booker*] either the jury should have decided the facts leading to the enhancement, or the judge should have done so by proof beyond a reasonable doubt," because when the defendant "and the government jointly stipulated to the enhancement and the sentencing increase resulting from the enhancement, the district court was bound by this stipulation once it accepted the plea agreement[;]" the court thus did not "engage in fact finding in order to apply the enhancement," but rather "merely applied the terms of the plea agreement, to which it was bound"). In *Sahlin,* the First Circuit also considered the defendant's claim that his guilty plea was "wrongly accepted, because it was based on his understanding of sentencing procedures, which was rendered erroneous by *Booker.*" *Sahlin,* 399 F.3d at 30. The court rejected that claim, reasoning in relevant part that the defendant "was in fact sentenced under the mandatory scheme that he expected. And the possibility of a favorable change in the law occurring after a plea is one of the normal risks that accompany a guilty plea." *Id.* at 31 (quoting *Brady v. United States,* 397 U.S. 742, 757 (1970)) ("[A] voluntary plea of guilty intelligently made in the light of the then applicable law does not become vulnerable because later judicial decisions indicate that the plea rested on a faulty premise.").

Petitioner's sentences for voluntary manslaughter, the gun specification, and having a weapon under disability were not increased beyond the specific terms stipulated to in the plea agreement. Petitioner's sentence was based on the facts he admitted and the sentence he stipulated to, and not on any facts found solely by the trial court.[9] The trial judge's sentence arose directly from the plea agreement itself and not on any judicially-found facts. The trial court accepted the terms bargained for by the parties and, under these circumstances, the Court cannot say that petitioner's sentence violated the Sixth Amendment or *Blakely*.

Petitioner also argues that his sentence was not knowing, intelligent, and voluntary because neither the trial court nor his counsel explained to him that he had a right to fact-finding by a jury before his sentence could be enhanced. (Doc. 22 at 9-10). Since *Blakely* does not apply to a guilty plea situation where there is an agreed sentence, "*Blakely* did not require the sentencing court to inform [petitioner] regarding the circumstances under which maximum sentences or consecutive sentences might be imposed." *Allen v. Hart*, No. 3:07cv3708, 2008 WL 4647731, at *7 (N.D. Ohio Oct. 20, 2008). Thus, any failure on the part of counsel or the trial court to inform petitioner about the implications of *Blakely* on his sentence did not render his plea involuntary or unknowing. For the same reason, trial counsel's alleged failure to advise petitioner of the *Blakely* implications on his sentence was not objectively unreasonable and does not constitute ineffective assistance of counsel. *Strickland*, 466 U.S. at 688. Therefore, petitioner's ineffective assistance of counsel claim alleged in Ground Three of the petition is without merit.

---

[9] Even though the trial judge made additional findings justifying the sentence (Doc. 14, Exh. 22 at 7-9), he was not required to do so under Ohio's sentencing laws and the validity of petitioner's agreed-to sentence was not dependent on those findings. Thus, the trial judge's findings do not change the conclusion that *Blakely* is inapplicable to petitioner's sentence. *See Carley v. Hudson*, 563 F.Supp.2d 760, 778 (N.D. Ohio 2008).

Finally, petitioner contends the Ohio Court of Appeals violated his due process and equal protection rights when it refused to review his sentence under Ohio Rev. Code § 2953.08(D).

Under Ohio law, a sentence which is agreed to by both the prosecution and the defendant, authorized by law, and actually imposed by the sentencing judge is not subject to appellate review. *State v. Mathis*, 109 Ohio St.3d 54, 59, 846 N.E.2d 1, 6 (2006); *State v. Porterfield*, 106 Ohio St.3d 5, 829 N.E.2d 690, 691 (2005) (syllabus); Ohio Rev. Code § 2953.08(D).[10]

"A jointly recommended sentence is 'authorized by law' if the sentence does not exceed the maximum sentence that the statute permits a trial court to impose." *Rockwell v. Hudson*, No. 5:06-cv-391, 2007 WL 892985, at *6 (N.D. Ohio March 21, 2007) (quoting *State v. McMillen*, No. 01CA564, 2002 WL 1370655, at *2 (Ohio Ct. App. June 13, 2002) (citing cases)); s*ee also Cornell v. Jeffries,* No. 2:05cv948, 2006 WL 2583300, at *8 (S.D. Ohio Sept. 7, 2006) (Smith, J.) (and numerous Ohio cases cited therein). Therefore, unless petitioner's sentence was "not authorized by law," it appears that he waived his right to appeal his sentence.

In this case, the record does not reflect that petitioner's aggregate 17 year sentence was unauthorized by law since it did not exceed the maximum terms permitted under the statutes of conviction. Petitioner's sentences did not exceed the statutory maximum terms for his voluntary

---

[10] Ohio Revised Code § 2953.08 provides in pertinent part:

(D) A sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge.

manslaughter, gun specification, and having a weapon under disability convictions.[11] Thus, petitioner was not denied his constitutional right of appeal because Ohio Rev. Code § 2953.08(D) expressly precluded review of the agreed-to sentence authorized by Ohio law and imposed by the trial judge in this case. *See Chatman v. Wolfe*, No. 1:06-cv-280, 2007 WL 2852341 (S.D. Ohio Oct. 1, 2007) (Barrett, J.).

To the extent petitioner alleges his sentence was not "authorized by law" within the meaning of Ohio Rev. Code § 2953.08(D) because the trial court imposed non-minimum and consecutive sentences in violation of his right to trial by jury under the Sixth and Fourteenth Amendments, this contention is likewise without merit as discussed above. Because petitioner's sentence did not violate the Sixth Amendment or *Blakely*, his sentence was not "unauthorized by law" within the meaning of Ohio Rev. Code § 2953.08(D). Accordingly, this ground for relief is without merit and should be denied.

## V. PETITIONER'S MOTIONS SHOULD BE GRANTED IN PART AND DENIED IN PART.

Petitioner's motions for an evidentiary hearing (Docs. 23, 24, 25) should be denied as moot. Petitioner's motion to inform the Court he is at Warren Correctional Institution should be granted. (Doc. 26). Petitioner's motion for miscellaneous relief should be denied as moot. (Doc. 27).

---

[11] The voluntary manslaughter conviction carried a potential sentence of three to 10 years; petitioner was sentenced to 10 years. *See* Ohio Rev. Code § 2929.14(A)(1) ("For a felony of the first degree, the prison term shall be three, four, five, six, seven, eight, nine, or ten years.") The having a weapon while under disability conviction carried a potential sentence of one to five years; petitioner was sentenced to four years. *See* Ohio Rev. Code § 2929.14(A)(3) ("For a felony of the third degree, the prison term shall be one, two, three, four, or five years."). The gun specification carried a three year mandatory sentence. *See* Ohio Rev. Code § 2929.14(D)(1)(a)(ii).

**IT IS THEREFORE RECOMMENDED THAT:**

1. Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) should be **DENIED** with prejudice.

2. A certificate of appealability should not issue with respect to the claims alleged in the petition because petitioner has failed to make a substantial showing of the denial of a constitutional right based on these claims. *See* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

3. The Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith" and, therefore, DENY petitioner leave to proceed on appeal *in forma pauperis* upon a showing of financial necessity. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).

Date: 4/14/09

Timothy S. Black
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

CHARLES BUTLER,
   Petitioner,

vs.

WARDEN, WARREN
CORRECTIONAL INSTITUTION,
   Respondent.

Civil Action No. 1:08-cv-001

Dlott, J.
Black, M.J.

## NOTICE

Attached hereto is a Report and Recommendation issued by the Honorable Timothy S. Black, United States Magistrate Judge, in the above-entitled habeas corpus action. Pursuant to Fed. R. Civ. P. 72(b), which may be applied in this action under Rules 1 and 11 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254, any party may object to the Magistrate Judge's Report and Recommendation within 10 days after being served with a copy thereof. Such party shall file with the Clerk of Court and serve on all other parties written objections to the Report and Recommendation, specifically identifying the portion(s) of the proposed findings, recommendations, or report objected to, together with a memorandum of law setting forth the basis for such objection(s). Any response by an opposing party to the written objections shall be filed within 10 days after the opposing party has been served with the objections. *See* Fed. R. Civ. P. 72(b). A party's failure to make objections in accordance with the procedure outlined above may result in a forfeiture of his rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).